COLE, Judge.
This case is before us on a motion to dismiss filed by defendant, Gulf States Utilities Company. The following sequence of events is pertinent to our decision.
On March 5,1979, suit was filed by plaintiff, Robert Jones, against defendants, Aetna Casualty and Surety Co., State Farm Insurance Company,[1] Gulf States Utilities Co., Buster Giambrone and Robert W. Rarick. On April 7,1981 a trial was held and a directed verdict was granted for Gulf States and Giambrone. (See La.Code Civ.P. art. 1810.) No judgment was signed at this time and the trial court took the remainder of the case under advisement.
On June 20, 1981, the court filed written reasons wherein it found in favor of plaintiff and against defendants, Aetna and Robert Rarick, in the amount of $93,832.10, plus legal interest, court costs and expert witness fees. On August 31,1981, a receipt and release agreement was executed by plaintiff in favor of Aetna (for itself, Rimes Wrecker Service and Mr. Rarick) in exchange for the sum of $90,000. Plaintiff expressly reserved his rights against Gulf States and Giambrone. On September 11, 1981, a judgment was finally signed as to this matter only and the suit was dismissed with prejudice as to Aetna, Rarick and Rimes Wrecker Service (a third party defendant). Plaintiff’s rights were again expressly reserved against Gulf States and Giambrone.
It was not until March 23, 1982, that judgment was signed dismissing Gulf States and Giambrone from the suit. Plaintiff appealed timely and defendants, Gulf States and Giambrone, filed this motion ^ to dismiss.
*436 The basis of the motion is that since by virtue of the release the plaintiff “... has been paid the amount awarded by the trial court ...” and since plaintiff “... does not specify the quantum finding as an error” plaintiff has no further rights to assert an appeal.
We find no merit to mover’s argument. First, the release was executed with all rights reserved against Gulf States and Gi-ambrone, therefore, plaintiff is entitled to proceed against these parties. La.Civ.Code arts. 2100 and 2203.[2] Secondly, the amount of the judgment was to be $93,832.10 plus legal interest from date of judicial demand, court costs and expert witness fees. Obviously the plaintiff did not receive payment for this entire amount and we cannot accept mover’s argument that the plaintiff’s claim has been satisfied entirely. Plaintiff is entitled to appeal against these parties.
MOTION TO DISMISS APPEAL DENIED.

. State Farm was dismissed without prejudice at the beginning of the trial.

. Art. 2100. “The creditor, who consents to the division of the debt with regard to one of the codebtors, still has an action in solido against the others, but under the deduction of the part of the debtor whom he has discharged from the debt in solido.”
Art. 2203. “The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.”